N. LEVIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6444. Promulgated December 21, 1926.

Subject to limitations of section 214(a) (11) (B) of the Revenue Act of 1921, the petitioner is entitled to deduct from gross income an amount contributed to a chartered religious corporation.

*J. S. Lamson, Esq.*, and *Fred D. Bullock, C. P. A.*, for the petitioner.

*D. D. Shepard, Esq.*, for the respondent.

The Commissioner determined a deficiency in income tax for the year 1922 in the amount of $55.09, which arises from alleged improper exemption for dependents and from an error in the computation of surtax. The petitioner does not dispute the facts alleged in the deficiency letter, but, as the basis of his appeal, alleges (1) that he was entitled to a deduction from his gross income for the taxable year in the amount of $1,000, which he contributed to a religious organization; (2) that for the year 1922 he was entitled to exemption for six dependents, instead of one, as claimed on the return; and, (3) that he erroneously duplicated an income item in the amount of $160 in making his return for the taxable year.

### FINDINGS OF FACT.

The petitioner is an individual who resided in Santa Rosa, Calif., during the taxable year, where he was president of a corporation engaged in the operation of a tannery. During the year 1922 he was married and living with his wife, and his mother, residing in Poland, was chiefly dependent on him for support.

During the year in question the petitioner contributed the amount of $1,000 to the Beth Levy Congregation, a chartered religious organization of the Jewish faith, located in Santa Rosa, no part of the net earnings of which inures to the benefit of any private stockholder or individual.

The petitioner owned three dwelling houses during the taxable year. One of such houses was occupied by his cousin, a sick woman who paid no rent, another was used rent free by a business organiza-tion in which the petitioner owned an interest, the third was rented to a tenant as a residence for $160 for the year. In his income-tax return for the year the petitioner, under " Schedule B—Income from Rents and Royalties," set forth the amount received, and claimed depreciation of $300 on buildings. In entering the items relating to the buildings on the face of his return, he entered $160 as income and erroneously claimed $140 as " Loss on property," instead of claiming the depreciation sustained of $300.

From time to time the petitioner sent remittances to his brother and other relatives in Poland, for the support of five orphaned nephews and nieces, in amounts not clearly disclosed by the record.

### OPINION.

LANSDON: The evidence is conclusive that the petitioner was entitled, subject to the limitations of section 214(a) (11) (B) of the Revenue Act of 1921, to deduct the amount of $1,000 from his gross income in his income-tax return for the year 1922 as a contribution to a religious organization, and that he is entitled to a deduction of $160 to cover depreciation of buildings in addition to the amount of $140 originally claimed under the erroneous title of loss on property. We are unable to determine from the evidence that the amounts which the petitioner remitted to Poland, as contributions to the support of the five orphan children of his brother, constituted the chief support of such children, or whether the entire amounts so remitted were used for the purposes alleged. We therefore disallow his claim for exemption on account of five additional dependents.

*Judgment will be entered on 20 days' notice, under Rule 50.*